UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIVERSIFIED MORTGAGE, INC.,

    Plaintiff,

v.                                 Case No.: 8:09-cv-2497-T-33EAJ

MERSCORP, INC., and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Diversified Mortgage, Inc.'s Motion for Remand (the "Motion" Doc. 6), filed on January 11, 2010. On January 25, 2010, Defendants Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc. filed a response in opposition to the Motion. (Doc. 8). For the reasons that follow, the Motion is due to be denied.

## I. **Procedural History**

Plaintiff filed suit against Defendants in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, on November 10, 2009, seeking declaratory and injunctive relief, as well as an accounting. Particularly, Plaintiff's complaint seeks:

> (i) a declaratory judgment as to whether Diversified Mortgage has an interest in certain mortgage loans registered by Diversified in the MERS system and previously identified by MERS as belonging to Diversified; (ii) injunctive relief

>     enjoining MERS from initiating or completing any
>     transactions in relation to the mortgage loans at
>     issue, and from acting as agent, nominee, and/or
>     fiduciary on behalf of Diversified; and (iii) an
>     accounting in connection with the mortgage loans
>     registered by Diversified in the MERS system.

(Doc. # 2 at 1).

On December 10, 2009, Defendants removed the case to federal court, alleging complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. (Doc. 1). Plaintiff filed the Motion seeking remand on January 11, 2010. Plaintiff does not dispute that complete diversity exists in this case; however, Plaintiff contends that the amount in controversy has not been met.

## II. **Legal Standard**

A defendant may remove a case filed in state court to federal court if "the district courts of the United States have original jurisdiction." Pease v. Medtronic, Inc., 6 F.Supp.2d 1354, 1356 (S.D. Fla. 1998) (citing 28 U.S.C. § 1441(a)). Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Id. (citing 28 U.S.C. § 1332(a)(1)). In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. Id.

"Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Crime Ins.

Bureau, 612 F.Supp.2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal. Pease, 6 F.Supp.2d at 1356. If the plaintiff claims damages beneath this threshold, the defendant "must prove to 'a legal certainty' that the amount in controversy actually exceeds $75,000." Id. at 1356-1357.

If the plaintiff does not specify damages, a lower burden of proof applies. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) (overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)). In such a case, the preponderance of the evidence standard applies. Id. at 1356-57.

### III. **Analysis**

Plaintiff's complaint does not specify an amount in controversy, therefore, a preponderance of the evidence standard applies. Plaintiff argues that it is not requesting monetary damages in the complaint, and instead seeks only

declaratory and injunctive relief.

Defendants counter that, "[f]or equitable claims such as ones for declaratory and injunctive relief, the amount in controversy is determined by the object of the litigation that will flow to Plaintiff, not the damages sought." (Doc. # 2 at 2). Defendants' position is supported by binding authority. See Cohen, 204 F.3d at 1077 ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the Plaintiff's perspective.")

Plaintiff's complaint seeks a declaration as to whether Plaintiff has an ownership in sixty-five to one-hundred and thirty-five mortgage loans registered with MERS. Thus, the amount in controversy is determined by "the monetary value of the benefit that would flow to Plaintiff" if the Court declared that Plaintiff had an interest in the mortgages at issue. Id.

Defendants contend that the value that will flow to Plaintiff if the Court grants the relief requested in the complaint can be measured by the face of the mortgage documents. Defendants have filed several of the mortgages at issue, and Defendants note that the combined value of the mortgages in which Plaintiff seeks an interest exceeds ten

million dollars.[1]

Plaintiff counters that "if the Court ultimately decides that Plaintiff holds an interest in these mortgages, it is unlikely that MERS will be the party from whom Diversified will seek to collect. Rather, Diversified will have to pursue multiple individual actions against currently unidentified mortgage companies and/or mortgage servicing companies." (Doc. # 6 at 5). Plaintiff also indicates that it may opt not to pursue individualized actions. The Court, however, determines that Plaintiff's collection strategies do not affect the value of the amount in controversy. The amount in controversy is determined by the face value of the mortgages and is not determined by the level of ease or difficulty associated with collecting the amounts due under the loans.

After reviewing the mortgage documents in which Plaintiff claims an interest, the Court is satisfied that the amount in controversy exceeds $75,000. Thus, the Court denies the Motion.

---

[1] By analogy, in cases seeking declaratory relief for the cancellation or enforcement of insurance policies, the Eleventh Circuit has held that the jurisdictional amount is the face value of the policy where the value of the insured object is at issue. See Guardian Life Ins. Co. v. Muniz, 101 F.3d 93, 94 (11th Cir. 1996). Here, Plaintiff seeks to have the Court declare Plaintiff's valid interest in the mortgage loans, and, like insurance policies, the amount in controversy should be determined by the face value of the mortgage loans.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff's Motion for Remand (Doc. # 6) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of May 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record